**Order entered September 19, 2018**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-18-00916-CV

**DALLAS COUNTY REPUBLICAN PARTY, AND MISSY SHOREY AS DALLAS COUNTY REPUBLICAN PARTY CHAIR, Appellants**

**V.**

**DALLAS COUNTY DEMOCRATIC PARTY, AND CAROL DONOVAN, AS DALLAS COUNTY DEMOCRATIC PARTY CHAIR, Appellees**

**On Appeal from the 14th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-18-00821-A**

## ORDER
Before Justices Bridges, Fillmore, and Myers

In the underlying proceeding, the Dallas County Republican Party sued the Dallas County Democratic Party for declaratory and injunctive relief alleging the ineligibility of 128 Democratic candidates for elective office in Dallas County. The trial court dismissed appellants' claims under Rule 91a of the Texas Rules of Civil Procedure and awarded appellees their attorney's fees. Appellants appealed the final judgment of dismissal. By letter dated September 11, 2018, the Court notified the parties that the Court questions its jurisdiction over the appeal. Specifically, the Court noted that it appears the appeal has either become moot or will become moot before briefing is completed and a decision is rendered because the deadline for mailing or

emailing ballots to any voter who submits a Federal Postcard Application is September 22, 2018. *See, e.g., In re Meyer*, No. 05-16-00063-CV, 2016 WL 375033, at *4–5 (Tex. App.—Dallas Feb. 1, 2016, orig. proceeding) ("Once it has become too late to print new absentee ballots in time for the beginning of the casting of those ballots, any judicial challenge that would require alteration of the ballot becomes moot."). The Court directed the parties to file letter briefs addressing the Court's concern no later than September 18, 2018.

Appellants and appellees filed letter briefs as directed. The parties agree that any relief sought regarding the November 6, 2018 general election, including preparation of the ballot and what candidates may or may not appear on the ballot, will be mooted by the election schedule. Appellants affirmatively state that they "do not request relief related to the general election" and "only seek to appeal relief related to the lower Court's decision on subject matter jurisdiction; 91(a), and the mandatory attorney's fees." Appellants further state that their appeal seeks this Court's ruling on five issues that are not mooted by the election schedule and relate to the propriety of the lower court's dismissal under Rule 91a and the award of attorney's fees.

Appellees concede that appellants may appeal the fees award and that the fees issue is not moot. Appellees did not address, however, whether they dispute appellants' ability to appeal the propriety of dismissal under Rule 91a.

In light of appellants' concession that they do not seek relief related to the general election, we conclude that no issues related to the November 6, 2018 general election are before the Court in this appeal. We **DEFER** to the submissions panel for determination at the time of submission all remaining issues, including any jurisdictional issues related to appellants' ability to appeal the dismissal under Rule 91a and the merits of appellants' complaints concerning the propriety of dismissal under Rule 91 and the award of attorney's fees.

The reporter's record was filed on September 11, 2018, but the clerk's record is overdue. Accordingly, we **ORDER** Dallas County District Clerk Felicia Pitre to file the clerk's record no later than October 10, 2018. We **ORDER** appellants to file their appellants' brief within thirty days after the clerk's record is filed in this Court. TEX. R. APP. P. 38.6(a).

/s/     LANA MYERS
           JUSTICE